UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| RANDALL WAYNE TURNER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CV411-015 |
| EFFINGHAM COUNTY JAIL, | ) | |
| Defendant. | ) | |

## ORDER

Having broken his tooth while eating Effingham County Jail food, inmate Randall Wayne Turner filed this 42 U.S.C. § 1983 case against the jail, doc. 1, seeking "proper medical treatment" for that plus other ailments. *Id.* at 5. He has completed his *in forma pauperis* filings, *see* docs. 13 & 14, so his case is now ready, per the Prison Litigation Reform Act ("PLRA"), for early screening for claims subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from

such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

In that Turner has sued only the Effingham County Jail, his case fails as a matter of law, since the jail has no independent legal existence and therefore is not an entity that is subject to suit under § 1983. *Ansley v. Franks*, 2010 WL 4007626 at * 2 n. 2 (S.D. Ga. Aug. 30, 2010); *Miller v. Benton County Jail*, 2006 WL 2711482 at *1 (W.D. Ark. Sept. 11, 2006) (county jail not a legal entity subject to suit); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a person or legal entity subject to suit); *Agnew v. St. Joseph County Jail*, 1996 WL 534928, at *1 (N.D. Ind. Aug. 14, 1996); *see Lovelace v. DeKalb Cent. Prob.*, 144 F. App'x 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit under § 1983); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (dismissing claim against sheriff's department because department was not subject to suit under Alabama law).

The Court will grant Turner 30 days to amend his Complaint to name a party or parties capable of suit, but he is reminded that he must

allege facts causally connecting any named defendant to his claimed constitutional deprivation. *See Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation); *Burns v. Mulherin*, 2011 WL 1983354 at * 2 (S.D. Ga. Apr. 20, 2011). Failure to comply with this instruction likely will result in the dismissal of this case.

Meanwhile, it is time for plaintiff to pay the piper. *See Hernandez v. Koon*, 2011 WL 1884229 at * 1-2 (S.D. Ga. May 17, 2011). Based on his furnished information, doc. 14 at 1 ($7.94 monthly balance for the last four months), IT IS ORDERED that Turner's custodian shall remove from plaintiff's account (for later remittance to the Clerk of this Court) $1.58. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial 20 percent fee assessment "when funds exist").

Hereafter, plaintiff's custodian (or his designee) shall set aside 20 percent of all future deposits to plaintiff's trust fund account and forward those funds to the Clerk (payable to the "Clerk of Court") each time the

set aside amount exceeds $10.00, until the balance of the Court's $350.00 filing fee has been paid in full. IT IS FURTHER ORDERED that all payments shall be designated as made in payment of the filing fee for Civil Action No. CV411–015. In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO ORDERED** this  15th   day of June, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA